IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLOBUS MEDICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-854-LPS |
| | ) | |
| DEPUY SYNTHES PRODUCTS, LLC, | ) | **JURY TRIAL DEMANDED** |
| DEPUY SYNTHES SALES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendants DePuy Synthes Products, LLC and DePuy Synthes Sales, Inc. (collectively "Synthes") answer the Complaint of Plaintiff Globus Medical, Inc. ("Globus") as follows in like numbered paragraphs:

1.  Admitted, upon information and belief.

2.  Admitted, upon information and belief.

3.  Admitted to the extent that the face of United States Patent No. 8,328,872 ("the '872 patent") states that Globus Medical, Inc. is the assignee of the '872 patent.

4.  Admitted.

5.  Admitted.

6.  Admitted that DePuy Synthes Sales, Inc. markets and sells to customers intervertebral fusion implants including Zero-P VA and that DePuy Synthes Products, LLC designs and develops intervertebral fusion implants. Denied as to the remainder of the allegations.

7.  Admitted to the extent that a claim for patent infringement is asserted under the Patent Laws of the United States, Title 35.

8. Admitted to the extent that subject matter jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1338(a).

9. Synthes does not contest personal jurisdiction in this judicial district for the limited purpose of this action with respect to the '872 patent. Denied as to the remainder of the allegations.

10. Synthes does not contest venue in this judicial district for the limited purpose of this action with respect to the '872 patent. Denied as to the remainder of the allegations.

11. Synthes' responses to each of the preceding paragraphs 1-10 are herein fully incorporated by reference.

12. Admitted that the '872 patent is entitled "Intervertebral Fusion Implant" and that the issue date December 11, 2012 is printed on the face of the patent. Further admitted that a copy of the '872 patent is attached to the Complaint as Exhibit A. Denied as to the remainder of the allegations.

13. Admitted that the '872 patent on its face lists William E. Duffield, Colm McLaughlin, Jason Gray, Jamie Calverley, Mark Adams and William S. Rhoda as inventors. Synthes is without sufficient knowledge to admit or deny the remainder of the allegations and, therefore, denies the same.

14. Denied.

15. Admitted that Synthes listed the '872 patent on an Information Disclosure Statement to the United States Patent and Trademark Office on February 8, 2013 in connection with the prosecution of Synthes' U.S. Patent Application No. 12/761,101. Denied as to the remainder for the allegations.

16. Denied.

17. Denied.

WHEREFORE, Synthes denies that Globus is entitled to the relief requested in the Complaint.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in its Answer and to its ability to seek and allege any and all defenses not presently known or that are revealed during the course of discovery, Synthes asserts the following separate defenses in response to the Complaint:

### Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Non-Infringement

No valid and enforceable claim of the '872 patent is or has been infringed (either directly, or by contribution or inducement) by any act of Synthes.

### Invalidity

Each of the claims of the '872 patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, Sections 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### No Willful Infringement

In the event Synthes is found to infringe any valid, enforceable claim of the '872 patent, such infringement was not willful.

### No Immediate or Irreparable Injury

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff would have an adequate remedy at law.

## COUNTERCLAIMS

For its counterclaims against Globus Medical, Inc. ("Globus"), DePuy Synthes Products, LLC and DePuy Synthes Sales, Inc. (collectively "Synthes") allege upon knowledge with respect to their own acts, and upon information and belief as to other matters, as follows:

### The Parties

1. Globus Medical, Inc. is a Delaware corporation having a principal place of business at Valley Forge Business Center, 2560 General Armistead Avenue, Audubon, Pennsylvania 19403.

2. DePuy Synthes Products, LLC is a Delaware corporation having a principal place of business at 325 Paramount Drive, Raynham, Massachusetts 20767.

3. DePuy Synthes Sales, Inc. is a Massachusetts corporation having a principal place of business at 325 Paramount Drive, Raynham, Massachusetts 20767.

### Actual and Justiciable Controversy

4. The United States Patent and Trademark Office purportedly issued United States Patent No. 8,328,872 ("the '872 patent") on December 11, 2012. The face of the patent lists William E. Duffield, Colm McLaughlin, Jason Gray, Jamie Calverley, Mark Adams and William S. Rhoda as inventors, and Globus Medical, Inc. as the assignee.

5. On May 15, 2013, the counterclaim-defendant Globus filed a Complaint in the United States District Court for the District of Delaware alleging, *inter alia*, infringement of the '872 patent by Synthes.

6. DePuy Synthes Sales, Inc. sells and offers to sell its Zero-P VA anterior cervical interbody fusion device ("Zero-P VA"), as well as other intervertebral fusion implants.

7. In its Complaint, Globus alleges that by making, using, offering for sale and/or selling within the United States or importing into the United States Synthes' Zero-P VA product or other products, Synthes has infringed the '872 patent.

8. Synthes asserts herein that no Synthes act relating to the Zero-P VA product or any other product will infringe any valid and enforceable claim of the '872 patent.

9. Synthes asserts herein that each of the claims of the '872 patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and/or 112.

10. Actual, substantial, and continuing justiciable cases and controversies exist between Synthes and Globus relating to the alleged infringement of the '872 patent, and the damages related thereto, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

11. Actual, substantial, and continuing justiciable cases and controversies exist between Synthes and Globus relating to the validity of the '872 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## Jurisdiction and Venue

12. This counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

13. Personal jurisdiction over Globus exists because the counterclaim-defendant Globus has submitted to the personal jurisdiction of the Court.

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because the counterclaim-defendant Globus has submitted to the personal jurisdiction of the Court and has asserted the '872 patent against Synthes in this Court.

### First Counterclaim

15. Synthes has not, does not and will not infringe (either directly, or by contribution or inducement) any valid and enforceable claim of the '872 patent by carrying out any act related to Zero-P VA or any other product.

### Second Counterclaim

16. Each of the claims of the '872 patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103 and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, Synthes respectfully requests this Court to enter judgment for Synthes and against Globus, and decree:

a) That the Complaint be dismissed with prejudice, and that Globus take nothing in its Complaint;

b) That each of the claims of the '872 patent is not infringed by any act of Synthes;

c) That each of the claims of '872 patent is invalid;

d) That this is an exceptional case under 35 U.S.C. § 285;

e) That Synthes be awarded its costs and attorneys' fees pursuant to 35 U.S.C. § 285, other statutes or rule, or the general power of the Court;

f) That Globus, its officers, agents, servants, employees, attorneys, successors and any person who acts in concert or participation with Globus, be preliminarily and permanently enjoined from using the '872 patent to block, hamper, hinder or obstruct the making, using,

selling and/or offering for sale or importing into the United States the Zero-P VA product or any other Synthes product;

      g)      That Globus, its officers, agents, servants, employees, attorneys, successors and any person who acts in concert or participation with Globus, be permanently enjoined from asserting or otherwise seeking to assert the '872 patent against Synthes or anyone in privity with Synthes; and

      h)      That Synthes be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Synthes asserts its rights under the 7th Amendment to the United States Constitution and demands a trial by jury on all issues that may be so tried.

|  |  |
|---|---|
| OF COUNSEL:<br>Matthew J. Becker<br>Jeremy C. Lowe<br>Tara R. Rahemba<br>AXINN, VELTROP & HARKRIDER LLP<br>90 State House Square, 9th Floor<br>Hartford, CT 06013<br>(860) 275-8100 | /s/ *David M. Fry*<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>David M. Fry (No. 5486)<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>dfry@shawkeller.com<br>*Attorneys for Defendants* |

Dated: July 8, 2013